[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10780

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER WAYNE MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cr-00111-KD-B-1

_____

Before WILSON, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Christopher Wayne Mitchell appeals his conviction for possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) is facially unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Our precedent forecloses Mitchell's challenge. So we affirm.

## I.

A police officer conducted a traffic stop of a vehicle registered to Mitchell, who had an active warrant. While detaining Mitchell during the stop, the officer saw a silver pistol in plain view on the floor of the car. Then, during a brief search of the car, officers found a loaded pistol magazine under the driver's seat.

Mitchell, who had a prior felony conviction, was charged by indictment with two counts of violating § 922(g)(1). Mitchell moved to dismiss the indictment based on the Supreme Court's decision in *Bruen*, but the district court denied the motion. Mitchell then pled guilty to one § 922(g) count, and the other count was dismissed at sentencing. The court sentenced Mitchell to time served, plus a term of supervised release. Mitchell appeals, renewing his challenge to the constitutionality of § 922(g)(1).

## II.

We review the constitutionality of a statute *de novo*. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). Our prior-

precedent rule requires us to follow our precedent unless it is overruled by an *en banc* decision or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "An intervening Supreme Court decision abrogates our precedent only if the intervening decision is both clearly on point and clearly contrary to our earlier decision." *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024) (quotation marks omitted).

The Second Amendment protects "the right of the people to keep and bear Arms." U.S. Const. amend. II. Section 922(g)(1) makes it a crime for any person who has been convicted of a felony to possess firearms or ammunition. 18 U.S.C. § 922(g)(1).

In *Bruen*, the Supreme Court held that Second Amendment challenges must be analyzed under a text-and-history standard, rather than means-end scrutiny. *See* 597 U.S. at 18–19, 26–27. The central inquiry, in other words, is "whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 26. If the amendment's plain text covers the conduct, the government "must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 17, 19.

Mitchell maintains that § 922(g)(1) is unconstitutional under *Bruen* because (1) felons are among "the people" protected by the text of the Second Amendment, and (2) the United States has no historical tradition of disarming those convicted of felonies.

Our precedent forecloses Mitchell's facial Second Amendment challenge to § 922(g)(1). After the Supreme Court's decision

in *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), we upheld § 922(g)(1) on the threshold ground that felons are categorically "disqualified" from exercising their Second Amendment right. *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010).

Then, in *Dubois*, we rejected the argument that *Bruen* abrogated *Rozier* and reaffirmed that *Rozier* remained binding precedent. *See* 94 F.4th at 1293. We explained that, in *Rozier*, we "interpreted *Heller* as limiting the right to 'law-abiding and qualified individuals' and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful." *Id.* And we concluded that *Bruen* did not contradict that holding, noting that *Bruen* "repeatedly stated that its decision was faithful to *Heller*," which itself "did not cast doubt on felon-in-possession prohibitions." *Id.*

Because our prior precedent forecloses Mitchell's challenge to the facial constitutionality of § 922(g)(1), we affirm.[1]

**AFFIRMED.**

---

[1] The Supreme Court's recent decision in *United States v. Rahimi* does not change our analysis. 144 S. Ct. 1889 (2024). Rahimi did not "demolish" or "eviscerate" the "fundamental props" of *Rozier* or *Dubois*. *See Dubois*, 94 F.4th at 1292. *Rahimi* did not discuss section 922(g)(1) or undermine our interpretation of *Heller*. To the contrary, *Rahimi* reiterated that prohibitions on the "possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Rahimi*, 144 S. Ct. at 1902 (quoting Heller, 554 U.S. at 626, 627 n.26).